**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| LIBERTARIAN PARTY OF PENNSYLVANIA, THE CONSTITUTION PARTY OF PENNSYLVANIA, AND GREEN PARTY OF PENNSYLVANIA, STEVE SCHEETZ, KEVIN GAUGHEN, ALAN SMITH, TIMOTHY RUNKLE, BOB GOODRICH, AND JUSTIN MAGILL | ) ) ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | Case No: 2:20-cv-2299 |
| vs. | ) ) | **Judge:** |
| TOM WOLF, in his official capacity as Governor of the Commonwealth of Pennsylvania | ) ) ) ) | |
| and | ) ) | |
| KATHY BOOCKVAR, in her official capacity as Secretary of the Commonwealth of Pennsylvania | ) ) ) ) | |
| and | ) ) | |
| JONATHAN M. MARKS, in his official capacity as Deputy Secretary for Elections and Commissions | ) ) ) ) | |
| Defendants. | ) ) | |

**TEMPORARY RESTRAINING ORDER AND
PRELIMINARY INJUNCTION REQUESTED**

## COMPLAINT

### Nature of the Case

1.      This is an action to declare unconstitutional, enjoin and/or modify Pennsylvania's in-person signature collection and witnessing requirements for minor political party and political body candidates in Pennsylvania seeking to qualify for the November 3, 2020 general election in light of the current public health emergency caused by the coronavirus pandemic (COVID-19) and the Governor's emergency orders effectively shutting down the Commonwealth.

### Signature Requirements for Candidates

2.      Pennsylvania classifies general-election candidates into three groups: (a) those affiliated with a "Political Party"; (b) those affiliated with a "Minor Political Party"; and (c) those affiliated with a "Political Body." *See* 25 Pa Stat. Ann. § 2831(a) – (c) and 25 Pa. Stat. Ann § 2872.2(a).

3.      An organization qualifies as a "Political Party" if, during the most recent general election, one of its candidates polled at least two percent of the largest entire vote cast in each of at least ten counties and polled a total vote in the state equal to at least two percent of the largest entire vote cast for any elected candidate. *See* 25 Pa. Stat. Ann. § 2831(a).  To date, only the Republican Party and Democratic Party are classified as "Political Parties" as defined by Pennsylvania statute.[1]  A "Minor Political Party" is a political party that received less than 15 percent of the total statewide registration for all political parties.  *See* 25 Pa. Stat. Ann. § 2872.2(a). "Political Bodies" are organizations that did not have a candidate who crossed the two-percent threshold in the last election.  *See* Constitution Party of Pennsylvania v. Cortes, 824 F.3d 386, 390

---

[1] "Political Parties" as defined by 25 Pa. Stat. Ann. § 2831(a) are oftentimes colloquially referred to as *major parties*; however, the term "major party" is not used or defined in the Pennsylvania statutes.

(3d Cir. 2016) (citing <u>Rogers v. Corbett</u>, 468 F.3d 188, 190-91 (3d Cir. 2006)).

4.     Political Parties select their nominees by means of taxpayer-funded primary elections.  *See* 25 Pa. Stat. Ann. § 2861(a); 25 Pa. Stat. Ann § 2645(a) ("The county commissioners or other appropriating authorities of the county shall appropriate annually, and from time to time, to the county board of elections of such county, the funds that shall be necessary for the maintenance and operation of the board and for the conduct of primaries and elections in such county, including…all ballots and other primary and election supplies required by this act").  Candidates seeking the nomination of a Political Party must submit "nomination petitions" with a specified number of signatures of voters registered with their party in order to be placed on that party's primary election ballot.  *See* 25 Pa. Stat. Ann. § 2867.  The winning candidates in the primary election automatically qualify for placement on the ballot in the general election. *See* 25 Pa. Stat. Ann. § 2862.

5.     "Political Bodies" and "Minor Political Parties" (and voters registered as such) are not able to participate in Pennsylvania's primary election.  Instead, candidates of these parties do not circulate "nomination *petitions*", but rather, must circulate "nomination *papers*" and obtain the required number of signatures from voters in order to appear on the general election ballot.  *See* 25 Pa. Stat. Ann. § 2872.2(a) – (c).

6.     Plaintiffs Libertarian Party of Pennsylvania ("LPPA"), Constitution Party of Pennsylvania ("CPPA") and Green Party of Pennsylvania ("GPPA") are all Political Bodies under Pennsylvania law.  Currently, there are no Minor Political Parties in Pennsylvania.

7.     The signature requirements for "Political Parties" (*i.e.* the Republican Party and the Democratic Party) are specified in 25 Pa. Stat. Ann. § 2872.1 (*e.g.* President of the United States: 2,000 signatures; Governor: 2,000 signatures, including at least one hundred from each of at least

ten counties; Representative in the General Assembly: 300 signatures).

8.      Until 2016, the signature requirement for "Minor Political Parties" and "Political Bodies" fluctuated from year to year because it was defined as "two per centum of the largest entire vote cast for any elected candidate in the State at large at the last preceding election at which State-wide candidates were voted for" and for all other positions, the signature requirement was set at "two per centum of the largest entire vote cast for any officer, except a judge of a court of record, elected at the last preceding election in said electoral district for which said nomination papers are to be filed, and shall be not less than the number of signers required for nomination petitions for party candidates for the same office" 25 Pa. Stat. Ann. § 2911(b).  In 2016, the Third Circuit Court of Appeals affirmed the judgment of this Court holding § 2911(b) unconstitutional as applied in combination with 25 Pa. Stat. Ann. § 2937.  *See* CPPA v. Cortes, 824 F.3d 386, 389 (3d Cir. 2016) ("We simply hold that what the Commonwealth cannot do is avoid the clear import of the District Court's order in this case: that §§ 2911(b) and 2937, when enforced together, are unconstitutional as applied to the Aspiring Parties").  Accordingly, Chief Judge Lawrence F. Stengel ordered, *inter alia*, that the signature requirements for Political Bodies be set at a specified number for all offices.  *See* Order, Constitution Party v. Aichele, No. 12-2726, Doc. No. 115 (E.D. Pa. February 1, 2018) (attached as Exhibit A).

9.      This Court's February 1, 2018 order in Constitution Party v. Aichele established the following signature requirements that now apply to Political Body candidates:

President of the United States: 5,000 signatures;

United States Senate: 5,000 signatures;

Governor: 5,000 signatures;

Lieutenant Governor: 2,500 signatures;

Treasurer: 2,500 signatures;

Attorney General: 2,500 signatures;

Auditor General: 2,500 signatures;

Justice of the Supreme Court: 2,500 signatures;

Judge of the Superior Court: 2,500 signatures;

Judge of the Commonwealth Court: 2,500 signatures;

Any other statewide office: 2,500 signatures;

Candidates for non-statewide offices must comply with the signature requirements specified in § 2911(b).

*See* Exhibit A.

10.     Pursuant to this Court's February 1, 2018 order, the signature requirement for a Political Body candidate seeking the position of Representative in Congress varies based on the Congressional District, between 1,800 for District 12 and 5,753 for District 3.  The signature requirements for a Political Body candidate seeking the position of Senator in the General Assembly varies based on the Pennsylvania Senate District, between 500 for District 33 and 2,300 for District 43.  The signature requirement for a Political Body candidate seeking the position of Representative in the General Assembly varies based on the Pennsylvania House District, between 241 for District 123 and 652 for District 200.  *See* Exhibit A and Pennsylvania Department of State, *Minor Political Party and Political Body Signature Requirements for Statewide Offices for General Election – November 3, 2020*, available at https://www.dos.pa.gov/VotingElections/CandidatesCommittees/RunningforOffice/Documents/2020/3rd%20party%20signature%20requirements%202020.pdf  (accessed   May   11,   2020). Candidates of their respective Political Body may collect signatures from the tenth Wednesday

prior to the primary until the deadline for filing their nomination papers, which is the second Friday subsequent to the primary. 25 Pa. Stat. Ann. § 2913(b) – (c).  These dates were revised pursuant to the enactment of Act 2020-12 to be February 19, 2020 and August 3, 2020.[2]

## PARTIES

11.     Plaintiff LPPA is a Political Body in Pennsylvania that seeks to qualify federal and state candidates for Pennsylvania's November 3, 2020 General Election ballot.[3]  In addition to its presidential ticket, these candidates include:

A.     William Martin Sloane, who was nominated as the LPPA's stand-in candidate for President of the United States;

B.     Daniel Fishman, who was nominated as the LPPA's stand-in candidate for Vice President of the United States;

C.     Joseph P. Soloski, who was nominated as the LPPA's candidate for State Treasurer; and also nominated as the LPPA's candidate for State Representative for District 81;

D.     Jennifer Moore, who was nominated as the LPPA's candidate for Auditor General;

E.     Daniel Wassmer, who was nominated as the LPPA's candidate for Attorney General;

F.     Steve Scheetz, who was nominated as the LPPA's candidate for U.S. House of Representatives for Pennsylvania Congressional District 1;

G.     Liz Terwilliger, who was nominated as the LPPA's candidate for U.S. House of Representatives for Pennsylvania Congressional District 12;

---

[2] See also, "Commonwealth of Pennsylvania Department of State Bureau of Elections and Notaries 2020 Pennsylvania Elections Important Dates to Remember Revised on March 27, 2020 with enactment of Act 2020-12" https://www.dos.pa.gov/VotingElections/CandidatesCommittees/RunningforOffice/Documents/2020/2020%20important%20dates.pdf.
[3] The Libertarian Party of Pennsylvania held their state convention on March 6, 2020 – March 8, 2020.

H.      Nicole Rosenthal Golden, who was nominated as the LPPA's candidate for Pennsylvania State Senate for District 23;

I.      Ric Caruso, who was nominated as the LPPA's candidate for Pennsylvania State Senate for District 25;

J.      Adam Joseph Klus, who was nominated as the LPPA's candidate for Pennsylvania State Senate for District 49;

K.      Scottie Freeman, who was nominated as the LPPA's candidate for Pennsylvania State Representative for District 1;

L.      Glenn Tuttle, who was nominated as the LPPA's candidate for Pennsylvania State Representative for District 6;

M.      Bradley Cooper, who was nominated as the LPPA's candidate for Pennsylvania State Representative for District 31;

N.      Shane Jones, who was nominated as the LPPA's candidate for Pennsylvania State Representative for District 43;

O.      Chad DeSantis, who was nominated as the LPPA's candidate for Pennsylvania State Representative for District 49;

P.      John Waldenberger, who was nominated as the LPPA's candidate for Pennsylvania State Representative for District 53;

Q.      Ken Bach, who was nominated as the LPPA's candidate for Pennsylvania State Representative for District 58;

R.      Noyes Lawton, who was nominated as the LPPA's candidate for Pennsylvania State Representative for District 68;

S.      Marlin Bressi, who was nominated as the LPPA's candidate for Pennsylvania State

Representative for District 86;

T.      Lauren Dowling Turner, who was nominated as the LPPA's candidate for Pennsylvania State Representative for District 89;

U.      Phillip Sanchez, who was nominated as the LPPA's candidate for Pennsylvania State Representative for District 90;

V.      Larry Frey, who was nominated as the LPPA's candidate for Pennsylvania State Representative for District 110;

W.      Joseph Van Wagner, who was nominated as the LPPA's candidate for Pennsylvania State Representative for District 131;

X.      Joyce Beer, who was nominated as the LPPA's candidate for Pennsylvania State Representative for District 140;

Y.      Theodore Frimet, who was nominated as the LPPA's candidate for Pennsylvania State Representative for District 141;

Z.      Jared D. Martin, who was nominated as the LPPA's candidate for Pennsylvania State Representative for District 147;

AA.      Hobson McKown, who was nominated as the LPPA's candidate for Pennsylvania State Representative for District 171.

12.      Plaintiff, Steve Scheetz, is the Chair of the LPPA, a registered voter in Pennsylvania, and a LPPA supporter who has in the past voted for LPPA candidates and who wishes to vote for LPPA candidates in the 2020 general election.

13.      Plaintiff, Kevin Gaughen, is the Executive Director of the LPPA, a registered voter in Pennsylvania, and a LPPA supporter who has in the past voted for LPPA candidates and who wishes to vote for LPPA candidates in the 2020 general election.

14.     Plaintiff GPPA is a Political Body in Pennsylvania that seeks to qualify federal and state candidates for Pennsylvania's November 3, 2020 General Election ballot.[4]  In addition to its presidential ticket, the candidates who are actively campaigning include:

A.     Elizabeth Scroggin, of Chester County, Pennsylvania, who was nominated as the GPPA's stand-in candidate for President of the United States;

B.     Neal Gale, of Montgomery County, Pennsylvania, who was nominated as the GPPA's stand-in candidate for Vice President of the United States;

C.     Olivia Faison, of Philadelphia County, Pennsylvania, who was nominated as the GPPA's candidate for Auditor General;

D.     Richard Weiss, of Allegheny County, who was nominated as the GPPA's candidate for Attorney General;

E.     Timothy Runkle, of Lancaster County, who was nominated as the GPPA's candidate for State treasurer;

F.     Jay Ting Walker, of Allegheny County, who was nominated as the GPPA's candidate for State Representative of the 23rd District;

G.     Garret Wassermann, of Allegheny County, who was nominated as the GPPA's candidate for State Representative of the 45th District;

H.     Michael Bagdes-Canning, of Butler County, who was nominated as the GPPA's candidate for State Representative for the 64th District.

15.     Plaintiff Alan Smith is the Co-Chair of the GPPA, a registered voter in Pennsylvania, and a GPPA supporter who has in the past voted for GPPA candidates and who

---

[4] The Green Party of Pennsylvania held a January 12, 2020 virtual meeting where they made several nominations. The Green Party of Pennsylvania was forced to cancel its state convention due to the COVID-19 pandemic, but has rescheduled it as a virtual meeting scheduled for June 7, 2020, where they intend to formally nominate additional candidates who have been campaigning.

wishes to vote for GPPA candidates in the 2020 general election.

16.     Plaintiff Sheri Miller is the Co-Chair of the GPPA, a registered voter in Pennsylvania, and a GPPA supporter who has in the past voted for GPPA candidates and who wishes to vote for GPPA candidates in the 2020 general election.

17.     Plaintiff, Timothy Runkle, was nominated as the GPPA's candidate for State Treasurer, is a registered voter in Pennsylvania, and a GPPA  supporter who has in the past voted for GPPA candidates and who wishes to vote for GPPA candidates in the 2020 general election.

18.     Plaintiff CPPA is a Political Body in Pennsylvania that seeks to qualify federal and state candidates for Pennsylvania's November 3, 2020 General Election ballot.[5]  These candidates include:

A.     Don Blankenship, who was nominated as the Constitution Party's candidate for President of the United States;

B.     Bill Mohr, who was nominated as the Constitution Party's candidate for Vice President of the United States;

C.     Joe Billie, who was nominated as the CPPA's candidate for the U.S. House of Representatives for the Pennsylvania 5th Congressional District;

D.     Bob Pyle, who was nominated as the CPPA's candidate for the U.S. House of Representatives for the Pennsylvania 12 Congressional District.

19.     Plaintiff, Bob Goodrich, is the Chair of the CPPA, a registered voter in Pennsylvania, and a CPPA supporter who has in the past voted for CPPA candidates and who wishes to vote for CPPA candidates in the 2020 general election.

20.     Plaintiff, Justin Magill, is the Vice-Chair of the CPPA, a registered voter in

---

[5] The Constitution Party of Pennsylvania's state convention, originally scheduled to be an in-person convention, was conducted via conference call on April 3, 2020 – April 4, 2020.

Pennsylvania, and a CPPA supporter who has in the past voted for CPPA candidates and who wishes to vote for CPPA candidates in the 2020 general election.

21.     Defendant Tom Wolf is the Governor of Pennsylvania and possesses emergency power to act during emergencies and times of crisis, including the COVID-19 pandemic. Plaintiffs assert their claims against Governor Wolf is his official capacity only. Governor Wolf's address is: Office of the Governor, 508 Main Capital Building, Harrisburg, PA 17120.

22.     Defendant Kathy Boockvar is the Secretary of the Commonwealth of Pennsylvania and serves as the head of the Department of State, "which promotes the integrity of the electoral process." The Secretary of the Commonwealth is Pennsylvania's Chief Election Official.[6] Additionally, the Secretary of the Commonwealth determines the forms of nomination petitions and papers, expense accounts and all other forms and records and determines the sufficiency of nomination petitions, certificates and papers of candidates for President of the United States, presidential electors, United States senators, representatives in Congress and all State offices, including senators, representatives and judges of all courts of record, and delegates and alternate delegates to National Conventions and members of State committees. 25 Pa. Stat. Ann. § 2621(a), (d). Plaintiffs assert their claims against Secretary Boockvar in her official capacity only. Secretary Boockvar's address is 302 North Office Building, 401 North Street, Harrisburg, PA 17120.

23.     Defendant Jonathan Marks is the Deputy Secretary for Elections and Commissions for the Bureau of Commissions, Elections and Legislation. Deputy Secretary Marks oversees the Commonwealth's electoral process, campaign finance, voter registration and office of notary public, commissions and legislation. Plaintiffs assert their claims against Deputy Secretary Marks

---

[6] https://www.dos.pa.gov/about-us/Pages/default.aspx

in his official capacity only.  Deputy Secretary Marks' address is 210 North Office Building, Harrisburg, PA 17120.

24.     At all times relevant to this action, Defendants were engaged in state action under color of state law.

25.     Defendants are being sued in their official capacities for declaratory and injunctive relief under 42 U.S.C. § 1983 and 28 U.S.C. § 2201, as well as costs and attorney's fees under 42 U.S.C. § 1988(b).

## JURISDICTION

26.     Jurisdiction in this case is predicated on 28 U.S.C. § 1331, this being a case arising under the Constitution of the United States and 42 U.S.C. § 1983.

## VENUE

27.     Venue is proper in this District under 28 U.S.C. 1391(b) because a substantial part of the events giving rise to Plaintiffs' claims occurred in the Eastern District of Pennsylvania.

## FACTS

### The COVID-19 Pandemic and Pennsylvania's Response

28.     In December 2019, an outbreak of respiratory disease caused by a novel Coronavirus emerged in Wuhan, China.  The respiratory disease caused by the novel Coronavirus, now known as "COVID-19," is an infectious disease that is easily spread from person to person and can result in serious illness and death.

29.     On January 30, 2020, after the coronavirus outbreak had spread well beyond China, the World Health Organization declared that COVID-19 constitutes a Public Health Emergency of International Concern.

30.     On January 31, 2020, as a result of confirmed cases of COVID-19 in the United

States, Health and Human Services Secretary Alex M. Azar, II declared a nationwide public health emergency retroactive to January 27, 2020.

31.     The last day to circulate and file nomination petitions by Republican and Democratic candidates was February 18, 2020.   Accordingly, Republican and Democratic candidates were not affected by Governor Wolf's subsequent "stay at home" orders or other executive orders as a result of the COVID-19 pandemic.

32.     The first day for Political Body candidates to circulate and file nomination papers was February 19, 2020.

33.     On February 27, 2020, the Centers for Disease Control issued guidance recommending, among other things, that members of the public practice "social distancing" and minimize close contact with others in order to slow the spread of COVID-19.

34.     On March 6, 2020, Governor Wolf proclaimed the existence of a disaster emergency throughout the Commonwealth pursuant to 35 Pa. C.S. § 7301(c).  *See* "Proclamation of Disaster Emergency," March 6, 2020.[7]

35.     On March 11, 2020, the World Health Organization declared COVID-19 to be a global pandemic.

36.     On March 13, 2020, the President of the United States declared a national emergency (retroactive to March 1, 2020) due to the COVID-19 outbreak in the United States.

37.     On March 19, 2020, Governor Wolf issued an order regarding the closure of all businesses that are not life sustaining.  "No person or entity shall operate a place of business in the Commonwealth that is not a life sustaining business regardless of whether the business is open to members of the public...Enforcement actions will be taken against non-life sustaining businesses

---

[7] https://www.governor.pa.gov/wp-content/uploads/2020/03/20200306-COVID19-Digital-Proclamation.pdf

that are out of compliance effective March 21, 2020, at 12:01 a.m." The order specifically defines "business, professional, labor, *political*, and similar organizations" as non-life sustaining (emphasis added).[8] *See* "Order of the Governor of Pennsylvania Regarding the Closure of All Businesses that are not Life Sustaining," March 19, 2020.[9]

38.     On March 23, 2020, Governor Wolf issued a stay at home order effective until April 6, 2020. "All individuals residing in Allegheny County, Bucks County, Chester County, Delaware County, Monroe County, Montgomery County, and Philadelphia County are ordered to stay at home except as needed to access, support, or provide life sustaining business, emergency, or government services…Individuals leaving their home or place of business to access, support, or provide life sustaining services for themselves, another person, or a pet must employ social distancing practices as defined by the Centers for Disease Control and Prevention. Individuals are permitted to engage in outdoor activities; however, gatherings of individuals outside of the home are generally prohibited except as may be required to access, support or provide life sustaining services." *See* "Order of the Governor of the Commonwealth of Pennsylvania for Individuals to Stay at Home," March 23, 2020.[10]

39.     On March 24, 2020, Governor Wolf amended his March 23, 2020 stay at home order to include Erie County.[11]

40.     On March 25, 2020, Governor Wolf amended his March 23, 2020 stay at home order to include Lehigh and Northampton Counties.[12]

41.     On March 25, 2020, Governor Wolf authorized temporary remote notarization of

---

[8] https://www.scribd.com/document/452416026/UPDATED-2-30pm-March-24-2020-Industry-Operation-Guidance (*see* page 6).
[9] https://www.scribd.com/document/452416027/20200319-TWW-COVID-19-Business-Closure-Order
[10] https://www.scribd.com/document/452929592/03-23-20-TWW-COVID-19-Stay-at-Home-Order
[11] https://www.scribd.com/document/453095384/03-25-20-TWW-Stay-at-Home-Order-With-Erie-Amendment
[12] https://www.scribd.com/document/453207763/03-25-20-GOV-Stay-at-Home-Order-With-Northampton-and-Lehigh

some documents during the Coronavirus Emergency.[13]

42.     On March 27, 2020, Governor Wolf amended his March 23, 2020 stay at home order to include Berks, Butler, Lackawanna, Lancaster, Luzerne, Pike, Wayne, Westmoreland, and York Counties.[14]

43.     On March 28, 2020, Governor Wolf amended his March 23, 2020 stay at home order to include Beaver, Centre, and Washington Counties.[15]

44.     On March 30, 2020, Governor Wolf amended his March 23, 2020 stay at home order to include Carbon, Cumberland, Dauphin, and Schuylkill Counties.[16]

45.     On March 31, 2020, Governor Wolf amended his March 23, 2020 stay at home order to include Cameron, Crawford, Forest, Franklin, Lawrence, Lebanon, and Somerset Counties.[17]

46.     On April 1, 2020, Governor Wolf issued a statewide "stay at home order" effective until April 30, 2020.   "All individuals in the Commonwealth are ordered to stay at home except as needed to access, support, or provide life-sustaining businesses, emergency, or government services…Individuals leaving their home or place of residence to access, support, or provide life-sustaining services for themselves, another person, or a pet must employ social distancing practices as defined by the Centers for Disease Control and Prevention."  *See* "Order of the Governor of the Commonwealth of Pennsylvania for Individuals to Stay at Home," April 1, 2020.[18]

47.     On April 22, 2020, Governor Wolf instituted a process to "reopen Pennsylvania" with a targeted May 8, 2020 start date.  He classified counties as being in a "red phase," a "yellow

---

[13] https://www.dos.pa.gov/Documents/2020-03-25-Notaries-Inperson-limited-suspension.pdf
[14] https://www.scribd.com/document/453540745/03-27-20-GOV-Stay-at-Home-Order-Amendment
[15] https://www.scribd.com/document/453679862/03-28-20-GOV-Stay-at-Home-Order-Amendment
[16] https://www.scribd.com/document/453970547/03-30-20-GOV-Stay-at-Home-Order-Amendment
[17] https://www.scribd.com/document/454174355/03-31-20-GOV-Stay-at-Home-Order-Amendment
[18] https://www.scribd.com/document/454418389/04-01-20-GOV-Statewide-Stay-at-Home-Order

phase," or a "green phase."[19]

48.    The red phase maintains the stay at home orders.  For counties in the "yellow phase," the stay at home order will be lifted,  but "large gatherings of more than 25 [people are] prohibited…all entertainment (such as casinos, theaters) remain closed…restaurants and bars [are] limited to carry-out and delivery only."[20]  Currently, every county in Pennsylvania is either in a red phase or a yellow phase.

49.    The Governor's website notes that Pennsylvanians should still maintain social distancing of at least six feet even in counties that are in the "yellow phase." ("All Pennsylvanians should continue to maintain social distancing even as the reopening and easing of restriction process begins.  With few exceptions, Pennsylvanians should maintain a distance of six feet from each other, gatherings of more than 25 people will be prohibited, and non-essential travel should be avoided").[21]

50.    On May 1, 2020, Governor Wolf announced that 24 counties in the northwest and north-central regions of Pennsylvania will move from a "red phase" to a "yellow phase" beginning May 8, 2020.[22]

51.    On May 8, 2020, Governor Wolf announced that 13 more counties, located in mostly in southwestern and southcentral Pennsylvania, will move from a "red phase" to a "yellow phase" beginning on May 15, 2020.[23]

52.    On May 8, 2020, Secretary of Health Dr. Rachel Levine signed new orders

---

[19] https://www.governor.pa.gov/newsroom/gov-wolf-reopening-targeted-for-may-8-in-north-central-northwest/ and https://www.governor.pa.gov/process-to-reopen-pennsylvania/
[20] Id.
[21] Id.
[22] https://www.governor.pa.gov/newsroom/gov-wolf-announces-reopening-of-24-counties-beginning-may-8/
[23] https://www.governor.pa.gov/newsroom/gov-wolf-announces-13-counties-will-move-to-yellow-phase-of-reopening-on-may-15/

extending the "stay at home" orders for "red phase" counties until June 4, 2020.[24]

53.     Pennsylvania has the 6th largest number of reported COVID-19 cases in the United States.[25]

54.     Given the severity of the COVID-19 pandemic and its impact on Pennsylvania, it remains uncertain whether the Governor's emergency orders, including his stay at home order, will be lifted before the August 3, 2020 deadline to file nomination papers for Political Bodies.

55.     Philadelphia County – a "red phase" county – has the highest number of COVID-19 cases in the state and it appears that it will still be in the "red" category at least until June 4, 2020.  Even assuming the Governor will lift the stay at home order by June 4, 2020, Plaintiffs and their candidates in the "red phase" counties will have lost over 10 weeks of signature collection time, or more than 58 percent of the time allotted to them to collect signatures in person by Pennsylvania law.

56.     According to the Centers for Disease Control, older adults (particularly those over 65) and people of any age who have serious underlying medical conditions (including asthma, heart disease, cancer, and diabetes) may be at higher risk for severe illness from COVID-19.

### Gathering Signatures for Nomination Papers Is Both Illegal and Practically Impossible Under Pennsylvania Law

57.     Petitioning to qualify candidates and Political Bodies for Pennsylvania's November 3, 2020 general election ballot is not defined as an "essential" activity under Governor Wolf's March 23 stay at home order.  The public health emergency caused by COVID-19 and the various "stay at home" orders issued by Governor Wolf make it unlawful and practically impossible to gather signatures for nomination papers in Pennsylvania.  The Governor's website stated that

---

[24] Id.
[25] https://www.worldometers.info/coronavirus/country/us/, (May 7, 2020)

"[l]aw enforcement remains focused on achieving voluntary compliance through education, but citations are possible for violators depending on the specific circumstances of an investigation."[26] Further, government officials at virtually every level are directing people to stay at home, to practice "social distancing," and to avoid being within six feet of other people.

58.     The Governor's new remote rules for notaries and witnesses demonstrate that requiring in-person contact to satisfy Pennsylvania's petitioning requirements is not presently possible.  Further, it will remain difficult if not practically impossible to collect signatures after emergency measures are lifted, because personal contact with large numbers of people during the COVID-19 pandemic will continue to present an unacceptable risk to the public health.

59.     Gathering signatures during the COVID-19 outbreak endangers not only the health but also the lives of petition-circulators, potential signers, and the public at large.

60.     Even if it were legal and/or physically feasible to gather signatures during the current public health emergency, petition-circulators will be unable to gather signatures because there are fewer people congregating in public places and fewer people are likely to open their door to strangers who come knocking.

**Safer and Less Burdensome Alternatives Are Available**

61.     Pennsylvania adopted its in-person signature-gathering procedure in 1937, and it has not substantially updated or improved the procedure in the 83 years since.

62.     Collecting signatures by hand on paper nomination petitions is inherently burdensome, labor-intensive and inefficient as a means of demonstrating voter support.  Many signatures are invalidated due to illegibility, missing information and other technical defects. This obliges candidates and parties to collect 25-50 percent more signatures than the requirement, to

---

[26] https://www.governor.pa.gov/newsroom/gov-wolf-announces-13-counties-will-move-to-yellow-phase-of-reopening-on-may-15/

account for those that may be invalidated, which needlessly increases the burden and expense of demonstrating the requisite modicum of voter support.

63.    Pennsylvania has adopted the Pennsylvania Electronic Transactions Act (a version of which all states have enacted), providing that electronic signatures must be given legal effect for purposes of most contracts and many other legal instruments. Electronic Transactions Act, 1999 Pa. Legis. Serv. Act 1999-69 (S.B. 555) (Purdon's).

64.    Arizona has already implemented online petitioning, *see* Arizona Secretary of State: Citizen Clean Elections Commission, Welcome to E-Qual[27] ("In Arizona, candidates are required to obtain a minimum number of petition signatures to appear on a ballot.  Voters interested in assisting Statewide and Legislative candidates can now sign a petition electronically"), and New Jersey's Governor on March 19, 2020 by executive order implemented online petitioning and signature collection for candidates in response to the coronavirus pandemic.  *See* Executive Order No. 105, March 19, 2020[28] ("The Secretary of State, county clerks, and municipal clerks shall also accept petitions with signatures collected via an online form created by the Secretary of State, which shall be available for use by Thursday, March 19, 2020").  Denver, Colorado and the District of Columbia have also implemented a web-enabled application called E-Sign, which enables petition circulators to collect signatures on electronic tablets.  These web-based platforms are integrated with the jurisdiction's voter rolls, and thus validate signatures automatically, eliminating the need to collect more signatures than the statutorily required number.

65.    In Vermont, the legislature passed a bill that eliminated petition requirements for the 2020 general election. ("[A] person shall not be required to collect voter signatures in order to have the person's name placed on any ballot in the year 2020, including on any local election

---

[27] https://apps.azsos.gov/equal/
[28] https://www.state.nj.us/state/elections/assets/pdf/candidate/EO-105.pdf

ballot.  Accordingly, a person shall not be required to file a primary petition as a major party candidate for the primary, a statement of nomination as an independent candidate for the general election, or a petition as a candidate for a local election, as those contain the voter signatures"). Vermont Act 92 of 2020, Sec. 2(a).[29]

66.     In Illinois, Chief Judge Pallmeyer of the United States District Court for the Northern District of Illinois granted a preliminary injunction to minor party plaintiffs in a case based on similar facts and circumstances as this one. *See* Libertarian Party of Illinois, et al. v. Pritzker, et al., No. 1:2020cv02112-Document 26 (N.D. Ill. 2020).  Pursuant to the Court's order, the minor party and independent candidate plaintiffs are qualified for placement on Illinois' November 3, 2020 general election ballot for each office for which the respective party or candidate qualified for placement on Illinois' general election ballot in either 2018 or 2016, and Illinois' petition requirements for such offices are enjoined.  *See id.*  For all other minor party and independent candidates, the Court reduced the signature requirements to 10 percent of the signature requirement specified in the State of Illinois 2020 Candidate's Guide issued by the Illinois State Board of Elections.  Additionally, the Court: (1) enjoined the in-person signature requirement, circulator statement, and notarization requirement for minor party and independent candidates; (2) enjoined the requirement that minor party or independent candidates must file the "original sheets which have been signed by the voters and by the circulator, and not photocopies or duplicates of such sheets"; (3) ordered that a physical "wet" signature is permitted but not required on the candidate's petition, such that petition signers may physically sign a copy of a candidate's petition, or they may electronically sign the petition using a finger or a device such as a computer mouse or stylus; and (4) extended the filing deadline for new political party and

---

[29] https://legislature.vermont.gov/Documents/2020/Docs/ACTS/ACT092/ACT092%20As%20Enacted.pdf

independent candidates from June 22, 2020 to August 7, 2020.  *See id.*

## **Impossibility of Circulation by Candidates**

67.     Plaintiffs LPPA, GPPA and CPPA and their members, supporters, and candidates seek to begin collecting signatures in order to qualify candidates for Pennsylvania's November 3, 2020 general election ballot.

68.     Signatures must be collected in-person and witnessed in-person under Pennsylvania law.

69.     Political Body candidates had only one month to collect signatures before Governor Wolf issued his "stay at home" orders.  Because of these expansive emergency orders issued by the Governor, the public health concerns, measures and protocols described herein, it is not possible for the Plaintiffs and their candidates to gather additional nomination paper signatures other than the miniscule number that may be collected within circulators' separate households. Substantive petition gathering, in public places, or door-to-door, is not presently possible, has not yet resumed in Pennsylvania, and will not be resuming for the foreseeable future.

70.     Signatures collected to support Political Body candidates must be filed not later than August 3, 2020 with the appropriate elections officials in Pennsylvania in order for those candidates to qualify for the November 3, 2020 general election ballot.

71.     Because of the Governor's orders issued between March 19, 2020 and the present and public health concerns, measures and protocols described herein, it is impossible for Political Body candidates to collect the required number of signatures in-person and properly witness them as required by Pennsylvania law.

72.     Because it is not clear when the Governor's emergency orders will be lifted in their entirety, it is uncertain at present whether further in-person signature collection will become

possible before the August 3, 2020 deadline for Political Body candidates.

73.     On March 30, 2020, Plaintiff GPPA, sent a letter to Governor Wolf, Lt. Governor John Fetterman, Secretary of the Commonwealth Kathy Boockvar, Deputy Secretary for Elections and Commissions Jonathan M. Marks, Speaker of the House Rep. Mike Turzai, and State and Government Committee chairs Rep. Garth Everett, Rep. Kevin Boyle, Sen. John Disanto, and Sen. Anthony Williams, urgently requesting that they grant relief from the petitioning requirements for minor parties and political bodies for the remainder of 2020.  *See* Exhibit B (attached).  To date, Plaintiff, GPPA has not received a response from any of the aforementioned parties, with the exception of the response from Timothy E. Gates, Chief Counsel for the Governor's Office of General Counsel, below, stating that their letter has been received.

74.     On March 31, 2020, Plaintiff LPPA sent a letter via U.S. Certified Mail to Secretary Kathy Boockvar, with a courtesy copy sent via U.S. Certified Mail to Governor Wolf, urgently requesting that they grant relief from the petitioning requirements for Minor Parties and Political Bodies for the remainder of 2020.   *See* Exhibit C (attached).  To date, Plaintiff, LPPA has not received a response from any of the aforementioned parties, with the exception of the response from Timothy E. Gates, Chief Counsel for the Governor's Office of General Counsel, below, stating that their letter has been received.

75.     On April 20, 2020, Plaintiff CPPA sent a letter to Governor Wolf, Lt. Governor John Fetterman, Secretary of the Commonwealth Kathy Boockvar, Deputy Secretary for Elections and Commissions Jonathan M. Marks, Speaker of the House Rep. Mike Turzai, and State and Government Committee chairs Rep. Garth Everett, Rep. Kevin Boyle, Sen. John Disanto, and Sen. Anthony Williams, urgently requesting that they grant relief from the petitioning requirements for minor parties and political bodies for the remainder of 2020.  *See* Exhibit D (attached).  To date,

Plaintiff, CPPA has not received a response from any of the aforementioned parties.

76.     On April 29, 2020, Plaintiff LPPA sent a letter via U.S. Registered Mail to Governor Tom Wolf and Secretary Kathy Boockvar reiterating its urgent request for relief from the statutory provisions requiring the party to circulate nomination papers and obtain signatures by hand, similar to the relief obtained in Libertarian Party of Illinois, et al. v. Pritzker.  *See* Exhibit E (attached).  To date, Plaintiff, LPPA has not received a response from any of the aforementioned parties, with the exception of the response from Timothy E. Gates, Chief Counsel for the Governor's Office of General Counsel, below, stating that their letter has been received.

77.     On April 30, 2020, Plaintiff GPPA sent a letter to Governor Wolf, Lt. Governor John Fetterman, Secretary of the Commonwealth Kathy Boockvar, Deputy Secretary for Elections and Commissions Jonathan M. Marks, Speaker of the House Rep. Mike Turzai, and State and Government Committee chairs Rep. Garth Everett, Rep. Kevin Boyle, Sen. John Disanto, and Sen. Anthony Williams reiterating its urgent request for relief from the statutory provisions requiring the party to circulate nomination papers and obtain signatures by hand.  *See* Exhibit F (attached). To date, Plaintiff, GPPA has not received a response from any of the aforementioned parties, with the exception of the response from Timothy E. Gates, Chief Counsel for the Governor's Office of General Counsel, below, stating that their letter has been received.

78.     The LPPA and GPPA each received response letters dated May 4, 2020, from Timothy E. Gates, Chief Counsel for the Governor's Office of General Counsel, stating:

> Kindly be advised that the Pennsylvania Department of State is in receipt of your correspondence requesting relief for access to the ballot as a political body for the 2020 general election.  My office is currently reviewing this matter with our agency clients.  We will be in touch soon.

*See* Exhibit G (attached).

To date, neither Attorney Gates, nor Governor Wolf or Secretary Boockvar have made further

contact with the Plaintiffs and they have offered no relief.

79.     At present, Defendants continue to enforce signature requirements that were invalidated in CPPA v. Aichele.  The Pennsylvania Department of State has posted the signature requirements online based on an order this Court entered on June 30, 2016.  *See* Pennsylvania Department of State, *Minor Political Party and Political Body Signature Requirements for Statewide Offices for General Election – November 3, 2020*, available at https://www.dos.pa.gov/VotingElections/CandidatesCommittees/RunningforOffice/Documents/2020/3rd%20party%20signature%20requirements%202020.pdf (accessed May 11, 2020).   The correct signature requirements, however, are established by this Court's February 1, 2018 order, which expressly supersedes the Court's June 30, 2016 order.  *See* Exhibit A.

### Injury-in-Fact Caused Plaintiffs

80.     Pennsylvania law, together with the coronavirus outbreak and the Governor's orders, cause injury-in-fact to Plaintiffs and Plaintiffs' First and Fourteenth Amendment rights.

81.     Plaintiffs' injuries are fairly traceable to the Pennsylvania laws requiring in-person signature collection for candidates between February 19, 2020 to August 3, 2020 and the Governor's orders described herein.

82.     This Court has the power to properly redress Plaintiffs' injuries by issuing prospective injunctive and declaratory relief prohibiting enforcement of Pennsylvania's signature requirement for candidates for office for the November 3, 2020 general election.

83.     This Court may properly redress Plaintiffs' injuries by directing Defendants to accept for the November 3, 2020 general ballot any candidate running on behalf of Plaintiffs LPPA, GPPA and CPPA, without requiring the supporting signatures from voters otherwise required by Pennsylvania law.

## FIRST CAUSE OF ACTION

### FIRST AMENDMENT

84.     All previous paragraphs and allegations are incorporated herein.

85.     Under present circumstances, Pennsylvania's ballot access requirements for Minor Political Parties and Political Bodies violate rights guaranteed to Plaintiffs by the First and Fourteenth Amendments to the United States Constitution, as enforced through 42 U.S.C. § 1983.

86.     A real and actual controversy exists between the parties.

87.     Plaintiffs have no adequate remedy at law other than this action for declaratory and equitable relief.

88.     Plaintiffs are suffering irreparable harm as a result of the violations complained of herein, and that harm will continue unless declared unlawful and enjoined by this Court.

## SECOND CAUSE OF ACTION

### FOURTEENTH AMENDMENT EQUAL PROTECTION CLAUSE

89.     All previous paragraphs and allegations are incorporated herein.

90.     Under present circumstances, Pennsylvania's ballot access requirements for Minor Political Party and Political Bodies violate rights guaranteed to Plaintiffs by the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution, as enforced through 42 U.S.C. § 1983.

91.     A real and actual controversy exists between the parties.

92.     Plaintiffs have no adequate remedy at law other than this action for declaratory and equitable relief.

93.     Plaintiffs are suffering irreparable harm as a result of the violations complained of herein, and that harm will continue unless declared unlawful and enjoined by this Court.

## THIRD CAUSE OF ACTION

## FOURTEENTH AMENDMENT DUE PROCESS CLAUSE

94.     All previous paragraphs and allegations are incorporated herein.

95.     Under present circumstances, Pennsylvania's emergency "stay at home" orders preventing in-person meetings, coupled with the Pennsylvania Department of State's signature requirement for Minor Parties and Political Bodies that is contrary to the signature requirement mandated in  Constitution Party v. Aichele (*see* Exhibit A), have so altered Pennsylvania's ballot-access requirements for Pennsylvania's November 3, 2020 election that the Defendants have not only made it impossible for the Plaintiffs to comply with existing Pennsylvania law, they have changed Pennsylvania's ballot requirement in the midst of the 2020 election and thereby violated rights guaranteed to these Plaintiffs by the Due Process Clause of the Fourteenth Amendment to the United States Constitution, as enforced through 42 U.S.C. § 1983.

96.     A real and actual controversy exists between the parties.

97.     Plaintiffs have no adequate remedy at law other than this action for declaratory and equitable relief.

98.     Plaintiffs are suffering irreparable harm as a result of the violations complained of herein, and that harm will continue unless declared unlawful and enjoined by this Court.

## DEMAND FOR RELIEF

**WHEREFORE**, the Plaintiffs respectfully pray that this Court:

1.     Assume original jurisdiction over this case;

2.     Issue a temporary restraining order and/or preliminary injunction (i) prohibiting enforcement of Pennsylvania's signature requirements for Minor Party and Political Body candidates for office for Pennsylvania's November 3, 2020 general election; (ii) directing

Defendants to accept Plaintiffs' LPPA, GPPA, and CPPA candidates' nominating papers for the November 3, 2020 general election without requiring supporting signatures from voters; and (iii) directing Defendants to place Plaintiffs' LPPA, GPPA, and CPPA candidates' names on the Pennsylvania November 3, 2020 general election ballot.

3.      Issue a declaratory judgment holding that, in light of the current public health emergency caused by the novel coronavirus and executive orders requiring that Pennsylvania citizens stay at home, Pennsylvania's supporting signature requirements for Minor Political Party and Political Body candidates for office cannot be constitutionally enforced under the First and Fourteenth Amendments, that Defendants must accordingly accept Plaintiffs' LPPA, GPPA, and CPPA candidates' nomination papers for the November 3, 20202 general election ballot without requiring supporting signatures from voters, and that Defendants must accordingly place these Political Body candidates' names on the Pennsylvania November 3, 2020 general election ballot.

4.      Issue a permanent injunction (i) prohibiting enforcement of Pennsylvania's supporting signature requirement for candidates for office for Pennsylvania's November 3, 2020 general election; (ii) directing Defendants to accept Plaintiffs' LPPA, GPPA, and CPPA candidates' nomination papers for the November 3, 20202 general election ballot without requiring supporting signatures from voters; and (iii) directing Defendants to place Plaintiffs' LPPA, GPPA, and CPPA candidates' names on the Pennsylvania November 3, 2020 general election ballot.

5.      Order Defendants to pay to Plaintiffs their costs and reasonable attorney's fees under 42 U.S.C. § 1988(b); and

6.      Retain jurisdiction over this matter and order Defendants to provide to Plaintiffs any additional relief the Court deems just.

Respectfully submitted,

s/ Drew Gray Miller, Esq.

Drew Gray Miller, Esq.

PA ID: 207830
Anderson & Labovitz, LLC
428 Forbes Ave., Suite 1901
Pittsburgh, PA 15219
Mobile: 412-760-3286
Fax: 412-291-1001
dmiller@PaLawFirm.com
*Counsel of Record*
Attorney for Plaintiffs

Oliver Hall
Center for Competitive Democracy
P.O. Box 21090
Washington, DC 20009
202-248-9294
oliverhall@competitivedemocracy.org
Attorney for Plaintiffs
*Application for admission pro hac vice pending*

Mark R. Brown
303 E. Broad Street
Columbus, OH 43215
614-236-6590
Attorney for Plaintiffs
*Application for admission pro hac vice pending*

## VERIFICATION OF PLAINTIFF
### (pursuant to 28 U.S.C. § 1746)

I, Alan Smith, acting under the authority of the Plaintiff, Green Party of Pennsylvania, verify under the penalty of perjury under the laws of the United States that the foregoing is true and correct.

5/12/2020

Executed on: _____

_____

Alan Smith
Co-Chair, Green Party of Pennsylvania

## VERIFICATION OF PLAINTIFF
### (pursuant to 28 U.S.C. § 1746)

I, Justin Magill, acting under the authority of the Plaintiff, Constitution Party of Pennsylvania, verify under the penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on: _5 - 12 - 2020_

Justin Magill
Vice Chairman, Constitution Party of Pennsylvania

## VERIFICATION OF PLAINTIFF
### (pursuant to 28 U.S.C. § 1746)

I, Kevin Gaughen, acting under the authority of the Plaintiff, Libertarian Party of Pennsylvania, verify under the penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on: _May 13, 2020_

_K. Gaughen_

Kevin Gaughen
Executive Director, Libertarian Party of Pennsylvania

**VERIFICATION OF PLAINTIFF**
**(pursuant to 28 U.S.C. § 1746)**

I, Steve Scheetz, acting under the authority of the Plaintiff, Libertarian Party of Pennsylvania, and on my own behalf as Plaintiff, verify under the penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on: 12 / MAY / 2020


Steve Scheetz
Chair, Libertarian Party of Pennsylvania

## VERIFICATION OF PLAINTIFF
### (pursuant to 28 U.S.C. § 1746)

I, Sheri Miller, acting under the authority of the Plaintiff, Green Party of Pennsylvania, verify under the penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on: _5/13/2020_

Sheri Miller
Co-Chair, Green Party of Pennsylvania

## VERIFICATION OF PLAINTIFF
### (pursuant to 28 U.S.C. § 1746)

I, Timothy Runkle, verify under the penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on:  5-12-2020

_Timothy T Runkle_

Timothy Runkle
Plaintiff

## VERIFICATION OF PLAINTIFF
### (pursuant to 28 U.S.C. § 1746)

I, Bob Goodrich, acting under the authority of the Plaintiff, Constitution Party of Pennsylvania, verify under the penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on: May 14, 2020

Bob Goodrich
Chairman, Constitution Party of Pennsylvania